### HESTON v. MAYHEW, State Auditor.

Laws 1890, Chap. 137, providing for the annual apportionment among the several educational institutions of the income of their lands (which lands, Const. Art. 8, § 7, provides, shall remain a perpetual fund, the income to be applied to the institutions to which they were granted) and providing for the issuance of warrants for the amounts so apportioned, was not impliedly repealed by Laws 1895, Chap. 97, forbidding the creation of unauthorized indebtedness against the state, and providing that no warrant shall issue without an appropriation first made by the legislature in exact amount for the specific purpose.

(Opinion filed March 17, 1897.)

Original application for a peremptory writ of mandamus. Writ ordered issued.

The facts are stated in the opinion.

*A. E. Chamberlain,* for plaintiff.

*Melvin Grigsby,* Attorney General, for defendant.

No briefs filed.

HANEY, J. It appears from the application herein that the commissioner of school and public lands has, agreeably to the provisions of Chap. 137, Laws 1890, apportion to the Agricultural College $1,197.71, rent of leased lands belonging to such college. Defendant is the state auditor. He refuses to issue and transmit his warrant for the amount as directed by the law above cited, claiming it has been repealed or modified by Chap. 97, Laws 1895. No legislative authority for issuing the warrant exists other than the act of 1890, and the only question presented is whether the authority contained therein has been revoked by the act of 1895.

The constitution provides that "all lands * * * granted or received from the United States * * * for * * * an agricultural college, * * * and the proceeds of all such lands, * * * shall be and remain perpetual funds, the interest and income of which, together with the rents of all such lands as may remain unsold, shall be inviolably appropriated and applied to the specific objects of the original grants or gifts. * * * Every such fund shall be deemed a trust fund held by the state, and the state shall make good all losses therefrom that shall in any manner occur." Const. Art. 8, § 7. The income derived from these school lands is held by the state in trust for the different corporations and institutions to which it belongs. It is the duty of the legislature to direct and control the management of such trust. These funds are held in an essentially different manner than are the ordinary revenues of the state. In dealing with them, the legislature is guided and controled by specific constitutional provisions. The act of 1895 relates to an entirely different subject. Repeals by implication are not favored. We do not think the act of 1895 was intended to affect the management of the school funds, and therefore hold that it is defendant's duty to issue his warrant for the amount apportioned by the commissioner, as directed by the law of 1890. The writ will issue as prayed.

CORSON, P. J., took no part.